CAMPBELL et al., respondents, *v.* METCALF et al., appellants.

INJUNCTION — *damages for lost time.* In an action to recover the damages caused by the wrongful suing out of an injunction, a party can recover the value of his labor for the time he was compelled to remain idle by being restrained from working his mining ground.

INJUNCTION BOND — *damages not recoverable — attorneys' fees.* In a suit upon an injunction bond, the expenses and fees of attorneys in the action in which the writ was issued cannot be assessed as damages sustained by the wrongful granting of the injunction.

INJUNCTION BOND — *damages — assessment and apportionment by jury — attorneys' fees.* If attorneys' fees are paid for all the services rendered in an

action, including those performed in procuring the dissolution of an injunction, the party claiming damages must prove the amount of the fees that was so paid for procuring the dissolution of the injunction. A jury cannot apportion the fees paid in the action and find the value of certain services, without evidence of the same.

PRACTICE — *instructions* — *issues.* The court should not give instructions which will cause the jury to consider issues on which no evidence has been introduced.

### *Appeal from the Third District, Meagher County.*

THIS action was tried in November, 1870, before SYMES, J., and the jury returned a verdict for Campbell and other plaintiffs. Metcalf made a motion for a new trial, which was overruled in May, 1871, by WADE, J. The facts appear in the opinion.

CHUMASERO & CHADWICK, for appellants.

There was no evidence showing any damages beyond merely nominal damages. Respondents should show that they had tried unsuccessfully to get work. They must show actual damages from enforced idleness. There was no evidence that respondents' mining ground was worth any thing, or would pay wages. The ground could not be worked on account of drainage. The work contemplated by respondents would have been useless. Respondents have sustained no damage on account of loss of time.

The only attorneys' fees that can be recovered are those that were paid solely on the motion to dissolve the injunction. The only evidence shows that the attorneys were paid for their services in the whole case. The injunction was dissolved as a matter of course after the verdict. The jury could not render a verdict for any, except actual damages.

SHOBER & LOWRY and W. E. CULLEN, for respondents.

The verdict will not be disturbed if there is some evidence to sustain it. Where there is no certain measure of damages, the verdict will not be disturbed, except for prejudice, passion or corruption in the jury. Hill. on New Trials, 432, § 3; *Kimball* v. *Gearhart*, 12 Cal. 48; *Baxter* v. *McKinlay*, 16 id. 76; *Burnett* v. *Whitesides*, 15 id. 35.

A verdict will not be set aside because the jury assessed higher damages than the court would have given, unless the jury were actuated by improper motives, or erroneously assessed them. Hill. on New Trials, 434, § 10; 436, § 14. If by any calculation, which the evidence will reasonably support, the verdict can be sustained as to amount, a new trial should not be granted.

Witnesses testify to the facts, and the question of damages is left to be assessed by the jury under a given state of facts. Sedgw. on Dam. 694.

The instructions were as favorable to the respondents as the law would warrant.

KNOWLES, J. This is an action on an injunction bond for damages occasioned by the wrongful suing out of an injunction. It appears from the record that one David P. Rankin had brought an action to recover the possession of a certain mining claim against respondents. That as the said mining claim was valuable only for the precious metals therein contained, and in order to prevent any judgment he might obtain from being valueless he had procured a temporary injunction pending the action restraining respondents from working said claim. The action was decided in favor of respondents. They allege that by reason of this injunction they were compelled to remain idle for a certain time, that they were damaged by reason of the filling up of their drain and shaft during the time they were restrained from working the same, and that they were compelled to pay $1,000 attorney fees to procure the dissolution of said injunction, and that they were otherwise put to expense and trouble. For all of these causes they allege their damages to be $5,000.

It appears from the testimony presented in the record that respondents were idle about sixty days, that the value of the work of all three was $18 per day. This would amount to $1,080. It does not appear what amount of damages respondents sustained by reason of filling up their drain and shaft. It appears that $1,000 was paid by respondents for attorneys'

fees in the action which involved the title to the mining claim, but it does not appear what portion of this $1,000 was paid for procuring the dissolution of the injunction. It appears they spent $100 in going to Helena to procure counsel in this action about the title to the mining claim, but what proportion, if any, was spent in procuring counsel to dissolve the injunction is not shown. The jury returned a verdict for $1,250 damages, and judgment was entered against appellant for this amount.

The attorney fees and expenses in the action between respondents and Rankin in determining the title to mining ground were not properly chargeable as damages for the dissolution of the injunction. If any portion of these attorney fees and expenses were paid for that purpose, it devolved upon the respondents to show what portion. As they failed to do this the jury were not warranted in finding any damages on account of them. The verdict of the jury is clearly erroneous then to the extent of $170.

It does not appear to us that the jury were at all to blame for this verdict, but the court. The instructions of the court are such that without much doubt the jury were misled upon this matter. The following are among the instructions given by the court:

The latter portion of the first instruction reads thus : " In estimating such damages you are to take into consideration a reasonable attorneys' fee in procuring the dissolution of said injunction."

The fifth : " Reasonable counsel fees and other expenses necessarily incurred in the defense of the injunction suit are recoverable as damages in an action on the injunction bond."

Second instruction asked by appellants :

" That the only attorneys' fees that can in a case of this kind be recovered as damages are those which are confined to the motion to dissolve the injunction and cannot include those for the trial of the question of title to the property on the merits of the action."

This portion of the instruction was given and the following refused :

" And unless the jury can separate the two branches from the evidence they will not be justified in rendering any verdict for damages on account of attorneys' fees."

Third instruction asked by appellants and refused by the court :

" If the contract relative to attorneys' fees was to pay a sum certain for the whole case, including the trial of the merits, the motion to dissolve the injunction and in all courts, to which the case might be appealed, the jury cannot separate the different species of service to be rendered and assess damages upon a portion of the same."

Fifth instruction asked by appellants and given :

" The jury in estimating damages, if they think from the evidence that any have been sustained by plaintiffs on account of attorneys' fees, can only take into consideration such as were necessarily incurred in procuring the dissolution of the injunction and do not include attorneys' fees for the trial of the merits of the action or any subsequent proceedings, nor can the plaintiffs recover for any more attorneys than were actually necessary to procure the dissolution of the injunction."

Taking these instructions altogether and considering the fact that there does not appear in the record one scintilla of evidence that shows or seeks to show what proportion of the $1,000 attorneys' fees or of the $100 expenses were properly charges as damages for the dissolution of the injunction, and the inevitable conclusion is forced upon us that the court left to the jury, as though they were a committee of experts, the novel task of determining without evidence or guides, but their own experience and judgments, what portion of this $1,000 attorney fees and $100 expenses should be apportioned as legitimate damages in procuring the dissolution of this injunction. This was a duty that might well perplex and confound the most astute expert in such matters. Surely it was not the proper province of any jury to determine such a matter. As there was no evidence to show how much money had been paid to procure the dissolution of this injunction it was improper for the court to

give any instructions which would lead the jury to consider the matter. It was certainly error in the court to refuse, as it did in the latter portion of instruction second and in instruction third asked by appellants, to instruct the jury that if the evidence did not show what proportion of these attorney fees and expenses were properly chargeable as damages for the procuring of the dissolution of the injunction, they could not find any damages for this cause.

It does not appear but that the $1,080 were proper damages in this case.

The judgment of this court is therefore that the order overruling a motion for a new trial be reversed and the judgment of the court below set aside, unless respondents shall remit $170 of their judgment and pay the costs of this action since the rendition of the verdict by the jury.

*Judgment affirmed in part and reversed in part.*