# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT,

AT THE

## JANUARY TERM, 1883.

NAHUM PARKER, ADM'R, respondent, *v.* ENOCH F. BOND ET AL., appellants.

INJUNCTION UNDERTAKING — *Allegations of general damages in complaint will not authorize evidence of special damages or support judgment therefor* — *Objection raised in appellate court for first time* — *What such undertaking covers as to counsel fees.*

In an action on an injunction undertaking the allegation of general damages only in the complaint will not authorize proof of any special damages, which must be alleged before they can be proved. And if, under such complaint, proof is allowed of such special damages and judgment rendered therefor, it will be reversed on appeal.

The objection that the complaint does not support the judgment can be raised in the appellate court for the first time on appeal from the judgment.

The objection that the complaint does not state facts sufficient to constitute a cause of action is never waived.

The appellate court, with the judgment roll before it, should, of its own motion, ascertain whether the complaint supports the findings of fact and the judgment, for a bad complaint will not support a good judgment.

Case of *Territory ex rel. Blake* v. *Virginia City Wagon Road Co.*, considered, re-affirmed and applied.

The undertaking in injunction does not cover counsel fees paid for the trial of the main issue, but only such as are paid for procuring the dissolution of an injunction improperly issued.

VOL. V — 1

*Appeal from First District, Madison County.*

HENRY N. BLAKE, for appellants.

This action was commenced by Adam H. Van Brocklin and Thomas Mallett to recover damages upon an injunction undertaking. Mallett died before judgment was entered, and the action was continued in the name of Van Brocklin as the surviving partner. Van Brocklin died after the entry of judgment in his favor and before the motion for a new trial had been heard. Nahum Parker was appointed administrator of the estate of said Van Brocklin, and the action was continued in his name.

1. The court erred in sustaining the motion of respondent to continue the action in the name of Parker, as such administrator, and overruling the motion of appellants to stay proceedings until the representative of Mallett be represented and substituted therein. Transcript, p. 164. The action shall be prosecuted " in the name of the real party in interest." Code Civ. Proc. sec. 4; *Stewart* v. *Miller*, 1 Mont. 301. In case of the death of a party, the court, on motion, should allow the action to be continued by his representative. Code Civ. Proc. sec. 22; *Sanchez* v. *Roach*, 5 Cal. 248; *Judson* v. *Love*, 35 Cal. 468–9; *Page's Estate*, 50 Cal. 40; *Franklin* v. *Merida*, id. 289; *Ex parte Tinkum*, 54 Cal. 203. A judgment in favor of a dead man is a nullity. *McCreery* v. *Everding*, 44 Cal. 284. The ruling of the court below is in effect a judgment for Mallett, deceased. · Transcript, p. 169.

2. The bond sued on was executed for the benefit of Mallett and Van Brocklin. Van Brocklin cannot sue alone without alleging that the property on which the injunction operated was his sole property. The contrary appears and the judgment belongs to both. *Browner* v. *Davis*, 15 Cal. 9; *Prader* v. *Purkett*, 13 Cal. 588; *Summers* v. *Farish*, 10 Cal. 350; *Lally* v. *Wise*, 28 Cal. 539.

3. The complaint does not state facts sufficient to con-

stitute a cause of action, excepting that part relating to attorneys' fees. Appellants claim that there is no evidence to support this allegation or ground of damage. The testimony of Blake and Spratt is that they received $200 for all their services in the trial of the cause, and they were paid no·sum for dissolving the injunction alone. Transcript, p. 24, Testimony of Blake; Transcript, p. 27, Testimony of Spratt. The fees of these attorneys cannot be assessed as damages sustained by the wrongful granting of the injunction. *Campbell* v. *Metcalf*, 1 Mont. 378; *Allport* v. *Kelly*, 2 Mont. 343; *Bustamente* v. *Stewart*, 55 Cal. 115; High on Injunctions, secs. 973–74, and cases cited.

4. The allegation of the complaint, under which the court below assessed damages in the sum of $764, is fatally defective. It is as follows: "That the damages in other respects sustained by these plaintiffs by reason of the said injunction amounts to the sum of $800, and interest thereon from the date of the dissolution of said injunction." Transcript, p. 4. The damages assessed by the court were not alleged in the complaint, and appellants objected at all times to the introduction of the evidence tending to prove the same. Transcript, p. 152. These special damages were not alleged in the complaint and could not be proved. *Dabovich* v. *Emeric*, 12 Cal. 172, 180; *Stevenson* v. *Smith*, 28 Cal. 102; *L.·T. Co.* v. *L. & M. W. R. Co.* 41 Cal. 565; *Potter* v. *Froment*, 47 Cal. 165; *Wilson* v. *Davis*, 1 Mont. 199; *Baldwin* v. *Western R. Co.* 4 Gray, 333; *Adams* v. *Barry*, 10 Gray, 361; *Parker* v. *City of Lowell*, 11 Gray, 358; 2 Greenl. Ev. sec. 254, and cases cited; Sedgwick on Damages (5th ed.), pp. 675–77, and cases cited at beginning of ch. 24; Wood's Mayne on Damages (1st Am. ed.), secs. 749, 751–52, and cases cited. In 1 Chitty on Pleading, *398, the author says: "Special damage cannot be stated with particularity, in order that the defendant may be enabled to meet the charge if it be false, and if it be not so stated,

it cannot be given in evidence." 1 Estee's Pleadings (2d ed.), p. 191, secs. 113, 114.

5. The appellants stand upon the terms of their undertaking, and there are no equities against them.  *Tarpey* v. *Shillenberger*, 10 Cal. 390; *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Boyd*, 15 .Pet. 187.

6. The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived, and can be made at any time.  Code Civ. Proc. sec. 86; *Territory ex rel. Blake* v. *Va. R. Co.* 2 Mont. 96; *Largey* v. *Sedman*, 3 Mont. 476; *Carhart* v. *Mon. M. Co.* 1 Mont. 248; *Hentsch* v. *Porter*, 10 Cal. 561.

7. The court below erred in refusing to rule upon the objections of appellants to testimony taken before the referee, and considering said testimony in determining the amount of damages herein.

8. The testimony of the witnesses, P. McGovern, A. Fisher, John Button, J. E. Callaway, A. H. Van Brocklin, W. W. Sweetland, Joseph Whitehead and Enoch John, who were called by respondent in rebuttal, should have been admitted in chief; and the court erred in considering the same under the objection of appellants.

9. The evidence is insufficient to show that respondent was damaged in the sum of $164 for loss of time of Mallett.  See Evidence in Transcript.

10. The evidence is insufficient to show that respondent was damaged in the sum of $100, expended for opening pits and drains which had been filled up during the enforcement of the injunction.  The evidence shows that the use of the water in controversy would not have prevented the filling of the pits and drains with sand and debris.  The filling of the pits and drains, if it occurred, was caused by the negligence of respondent in failing to protect the same.  See Evidence in Transcript.

11. The evidence is insufficient to support the finding that respondent was damaged in the sum of $500 by the loss of the water in controversy during the pendency of

the injunction. The evidence shows that the mining ground on which said water was to be used was of little value during the mining season. The injunction was in force during cold weather, when mining was not practicable, and when the said water was of less value than during the mining season. See Evidence in Transcript.

JAMES E. CALLAWAY and E. W. & J. K. TOOLE, for respondent.

In reply respondent says:

The judgment was rendered in the name of Adam H. Van Brocklin, as surviving partner of the firm of Mallett & Van Brocklin. This was no error. *Vide* sec. 22, R. S. 1879, p. 44. Van Brocklin did not sue alone. The suit was commenced by Mallett & Van Brocklin. It was not error to substitute respondent as administrator, etc.

1. There is evidence tending to prove that Van Brocklin was, at his death, sole owner of judgment. See evidence of Van Brocklin, Transcript, p. 31, and evidence of Callaway, Transcript, p. 124.

2. The judgment blended the rights of plaintiffs (Mallett & Van Brocklin) as a unit, "one and inseparable," and the whole interest was represented by the survivor; and should it be held that Mallett has or held any interest therein, yet the administrator of Van Brocklin, deceased, is the real party plaintiff in interest, *as* the legal representative of the party in whose name the judgment was rendered.

At all events, no such injury could occur that would require a new trial. Orders were made making the surviving partner the proper one to prosecute the action, and a similar order was made directing and authorizing the administrator of the surviving partner to be substituted, and that the action be in his, Van Brocklin's, stead, by his legal representative. His attorney of record appeared and prosecuted the action to final judgment. There is then a record upon which the judgment could be cor-

rected or amended. The order of the court, if it was proper to do so, would simply direct the modification or correction of the judgment. While we contend that there was no error yet if any, it was harmless, and in no manner interfered with a fair trial of the merits, and does not impair any substantial right of appellants. If a correction was necessary, it should have been made. See R. S. Mont. p. 61, sec. 117.

3. There are only two remaining propositions presented by appellants necessary to be considered in the determination of this case:

*First.* · Does the complaint state facts sufficient to constitute a cause of action?

*Second.* Was there any objection and exceptions taken to the introduction of evidence of special damages that can be made available at this trial?

Upon the first proposition the complaint must be so radically defective as that it states no cause of action whatever against the defendants, in order to take advantage thereof for the reason assigned. See *Summers et al.* v. *Farrish et al.* 10 Cal. 347; *Daniels* v. *Andes Ins. Co.* 2 Mont. 79; *Happe* v. *Stout*, 2 Cal. 460.

If the complaint is not specific enough, or is too uncertain as to the damages proven or sought to be proven, the objection that it does not state facts sufficient to constitute a cause of action is unavailable in so far as the complaint is concerned. If the complaint was not good, defendants should have demurred. This was not done.

The objections and exceptions should be taken and perfected to the admission of evidence of such special damages.

As to the second proposition, respondent contends that no objection or exception was properly taken or saved to the introduction of the evidence admitted (or offered, as we cannot tell what was considered by the court; and none but competent evidence is presumed to have been received or considered until the contrary appears). The

only exception taken by appellants as to the admissibility of evidence will be found on Record, p. 153.   *Vide* unpublished cases, by Justice Galbraith, at August term, 1882, as to exceptions.

By this it will be seen that the court was asked to rule upon the objections made before the referee *after* the evidence had been given in on the trial, and *after* the argument of the case.   The very object in requiring the *objection and exception* to be offered at the time it is offered is that, to be specific and designate the grounds thereof (which was not done), is to afford the party an opportunity to correct or supply the necessary and proper evidence, or in some way correct what would otherwise be an error.   The court below held properly when it refused to pass upon those questions *after* the evidence had been admitted and the argument closed.

Any other practice or precedent would leave a party entirely in ignorance of the state of his case, defeat an opportunity of supplying evidence, amending pleadings, etc., as contemplated by the code.

There was evidence on all the special damages found tending to show the amount of the same.   No proper objection was made and saved as to its introduction, and if any error was committed therein it has been waived.

We confidently insist that there is no objection and exception taken to the introduction of the evidence of special damages which can be entertained here.   There is evidence tending to prove the damages found, and, as the objection and exception to it are insufficient, the judgment and findings cannot be disturbed.

It is earnestly insisted, however, that there was no evidence tending to show the actual amount of damages sustained by the payment of attorneys' fees for the dissolution of the injunction as disconnected with the trial on its merits.   If this court should so find, it would modify the judgment as to the $200 found in this particular.

In this case, however, it will be observed that the whole merits of the controversy were as to said water, and with reference to said injunction, and all that was considered by counsel in making the $200 charges was the question of the injunction. That was the real issue. See Evidence of Spratt, Transcript, p. 27; Evidence of Blake, Transcript, p. 24.

All the other items of damages found are proven by evidence of Van Brocklin (Transcript, pp. 56 and 31, and 125 and 141) and John Donegan (Transcript, pp. 42 and 46).

WADE, C. J. This is an action upon an injunction undertaking issued in the case of A. L. Fenner against Van Brocklin & Mallett, represented herein by Nahum Parker, administrator, plaintiff. The complaint alleges in substance that on the 16th day of November, 1874, in an action brought by A. L. Fenner against Van Brocklin & Mallett, a temporary restraining order was issued, and an undertaking executed by the defendants herein, in the sum of $1,000, given in favor of the defendants therein to cover any damages that might result to them in case it should be finally determined that the injunction or restraining order was wrongfully issued, which undertaking is set forth in full and made a part of the complaint. The complaint further alleges that such proceedings were had in the action that it was finally decided and adjudged that the plaintiff therein was not entitled to said injunction; " that in having said injunction dissolved, and in and about defending the same in said court, these plaintiffs were compelled to and did employ counsel, and were necessarily compelled to pay, lay out and expend the sum of $200 in and about the employing and paying said counsel;" "that the damages in other respects sustained by these plaintiffs, by reason of the said injunction, amounts to the sum of $800, and interest thereon from the date of the dissolution of said injunction."

Mallett, one of the plaintiffs, died before judgment was entered, and the action was continued in the name of Van Brocklin, as surviving partner. Van Brocklin died after the entry of judgment in his favor for the full amount covered by the penalty of the undertaking, and before the motion for a new trial had been heard, and thereupon Nahum Parker, the plaintiff, was appointed administrator of the estate of Van Brocklin, and the action was thereafter prosecuted in his name.

The appellants contend, among other things, that the complaint does not state a cause of action as to the $800 claim for damages, or for any damages, except as to the $200 alleged to have been paid out as attorneys' fees; that this defect in the complaint may be taken advantage of at any time, and that as to the $200 claim there is no proof to support it. Second, that the complaint does not support the judgment. Third, that the damages assessed were not alleged.

The respondents in answer say that if the complaint did not state a cause of action, the defendant should have demurred, and that if incompetent evidence was received at the trial, no exceptions were properly saved thereto.

A jury having been waived by the parties, the cause was tried before the court upon the evidence before that time taken, reduced to writing and reported by a referee. At the taking of the testimony, the defendants, by their counsel, objected to very much of the evidence, and, among the rest, to any proof of special damages under the allegations of the complaint, and asked the referee to pass upon their objections, which he refused to do, but noted the defendants' objections in his report of the testimony.

The testimony, as taken by the referee, together with the several objections of the parties thereto, was argued by counsel, and upon the close of the argument of counsel for the defendants, he asked the court to pass upon

the competency or incompetency of the evidence pro-
duced on the trial; but the court, in considering the evi-
dence, failed to sustain or overrule the several objections
as they appeared in the record.

After the rendition of the judgment, counsel for the
defendants asked the court to enter an order upon each
and several the objections made to the testimony and
matters of evidence in the case, which by the court was
refused, and the defendants duly excepted.

After the rendition of the judgment in favor of the
plaintiff, the defendants filed their motion for a new
trial, for the following among other reasons: First, that
the court erred in considering any evidence of damages,
other than that pertaining to attorneys' fees, under the
pleadings in the action, and against the objections of the
defendants.   Second, that the court erred during the trial
of the cause, sitting as a jury, in not ruling upon the
objections of the defendants to the competency and ad-
missibility of evidence taken before the referee, thereby
depriving the defendants of their privilege of excepting,
during the trial, to the ruling of the court upon any par-
ticular objection, but considered all the evidence taken
by the referee against objections of the defendants.
Third, that the evidence is insufficient to justify the find-
ings in this, that the evidence shows that the sum of $200
was paid to all the attorneys for all their services in the
case, which included their services for procuring a dis-
solution of the injunction at chambers, and the trial of
the case on its merits at the term; and fourth, that the
proof of special damages was wholly incompetent under
the allegations of the complaint and the pleadings.

The statement on motion for a new trial having been
settled, the motion was overruled, to which action of the
court the defendants duly excepted, and appealed from
the judgment and from the order overruling their motion
for a new trial.

1.  The allegation of the complaint as to damages other

than that in relation to attorneys' fees is general, and is as follows: "That the damages in other respects sustained by these plaintiffs, by reason of the said injunction, amounts to the sum of $800, and interest thereon from the date of the dissolution of said injunction." This allegation is entirely insufficient to authorize the proof of, or to support a judgment for, special damages. In order to authorize proof of special damages they must be alleged. The defendants are entitled to notice. The allegation and proof must correspond. No special damages having been alleged in the complaint, none ought to have been proved on the trial; and none having been alleged, the complaint cannot be made to support a judgment for special damages. *Dabovich* v. *Emeric*, 12 Cal. 172, 180; *Stevenson* v. *Smith*, 28 Cal. 102; *L. T. & Co.* v. *S. & W. W. R. Co.* 41 Cal. 565; *Potter* v. *Froment*, 47 Cal. 165; *Wilson* v. *Davis*, 1 Mont. 199; *Baldwin* v. *Western R. Co.* 4 Gray, 333; *Adams* v. *Barry*, 10 Gray, 361; *Parker* v. *City of Lowell*, 11 Gray, 358; 2 Greenl. Ev. sec. 254, and cases cited; Sedg. Meas. Dam. (5th ed.) secs. 675–7; Wood's Mayne on Damages (1st Am. ed.), secs. 749–752; 1 Chitty's Pl. 398; 1 Estee's Pl. 191, secs. 113, 114.

Under this general allegation of damage the court heard testimony as to special damages, and found as matter of fact that the plaintiff had been damaged in the sum of $164, the same being the value of the time lost by one of the plaintiffs, during the time he was prevented from work on account of the non-user of water mentioned in the injunction writ; also in the further sum of $100, being the amount expended by plaintiffs in opening their pits and drains which had been filled up with sand and debris during the pendency of the injunction, and which plaintiffs, by reason of not being able to use the water mentioned in said writ, were unable to keep out of said pits and ditches; also in the further sum of $500, the same being the value of the water, and its use to the plaintiffs during the time they were restrained

from its use. None of these items of damage was pleaded, but judgment was rendered in favor of the plaintiffs for their entire amount as stated in the findings of fact, and hence it follows that damages have been assessed against the defendants that were not alleged in the complaint, and hence that the complaint does not support the judgment.

This is an appeal from a judgment as well as from an order overruling a motion for a new trial. The appeal from the judgment brings before the court the judgment roll, which includes the complaint and the findings of fact by the court and the judgment. The appeal from the order overruling the motion for a new trial brings before this court the testimony upon the trial as settled and contained in the statement, which in this case contains the entire testimony, the same having been reduced to writing by a referee and returned to the court before the trial; and in either case, even if no exceptions had been saved on the trial, the question could have been raised here for the first time that the complaint did not support the findings of fact or the judgment.

The objection that the complaint does not state facts sufficient to constitute a cause of action is never waived (see sec. 86, Code); and in all cases before affirming a judgment, the court having the judgment roll before it ought, on its own motion, to ascertain if the complaint supports the findings of fact and the judgment; for neither in this case or any other can a bad complaint support a good judgment. Hence it is that the sufficiency of the complaint to sustain the findings of fact and the judgment can be raised in the supreme court for the first time. In the case of *The Territory ex rel. Blake* v. *The Virginia City Road Co.* this court held: "The appellant now attacks the information for the reason that it does not state a cause of action; and no exceptions having been taken to the rulings of the court below upon the demurrer, and no question saved as to the sufficiency

of the complaint, the inquiry is presented whether or not the question can be raised in this court for the first time. No exceptions having been saved to the decision upon the demurrer, the complaint stands here precisely the same as if no demurrer had been filed, and we are called upon to determine whether this court can inquire as to the sufficiency of the complaint, the question not having been raised in the court below. It is well settled that the averments of a pleading and the proof must correspond; and it therefore follows that perfect proof cannot aid an imperfect averment, and a perfect averment is unavailing if supported by imperfect proof. If, in order to lay the foundation for recovery, the proof must go beyond the complaint, then the complaint is defective, and will not support the judgment. A judgment is the final determination of the rights of the parties, and must be supported by the pleadings and proofs. If there is a material defect or infirmity in either, the judgment cannot be sustained; and if the defect is in the pleadings, the question can be raised at any time, either before or after judgment, or after appeal to this court. The lower courts have not jurisdiction to render judgment in the absence of a cause of action, and it would be equally erroneous for this court to affirm such a judgment. If there is a judgment for the plaintiff, and the complaint shows upon its face no cause of action, the appellate court will reverse the judgment. A bad complaint will not sustain a good judgment, and the question whether or not there is a cause of action alleged can be raised for the first time in this court; for here, as in every other court, the judgment must fail if the foundation upon which it stands is defective." 2 Mont. 100, and authorities cited.

One of the grounds of the motion for a new trial was the insufficiency of the evidence to support the findings of fact and the judgment. The overruling of this motion, with a proper exception saved, brings before us the

testimony, and we are thereby authorized to inquire if the evidence was competent and sufficient to support the complaint and the findings of fact upon which the judgment was based, even in absence of any objections to the testimony. In such a case we must take the evidence as a whole, and ascertain therefrom if it were competent and sufficient, under the issues, to sustain the findings and the judgment. So considering the evidence, we say, first, that proof of special damages was incompetent under the issue of general damages; and, second, that the findings of fact as to special damages were not warranted by the complaint.

2. Another ground of the motion for a new trial was the insufficiency of the evidence to support the allegations of the complaint, "that in having the injunction dissolved, and in and about defending the same in said court, these plaintiffs were compelled to, and did, employ counsel, and were necessarily compelled to pay, lay out and expend the sum of $200 in and about the employment and payment of said counsel."

The proof shows that the temporary restraining order was dissolved upon a hearing before the judge at chambers, and thereafter the cause, which involved the right to the ownership of certain mining water, was tried in court upon its merits. It further appears from the testimony that the entire fees paid to the attorneys for attending to the case, both before the judge at chambers for a dissolution of the injunction, and for the trial before the court upon the merits, was the sum of $200. There was no charge made and no money paid to attorneys for their services in procuring a dissolution of the injunction. Their services after the injunction was dissolved, in the trial before the court, are not covered by the undertaking. *Campbell* v. *Metcalf*, 1 Mont. 378; *Allport* v. *Kelly*, 2 Mont. 343; *Bustamente* v. *Stewart*, 55 Cal. 115; High on Injunctions, secs. 973, 974, and cases cited.

If any portion of these attorneys' fees were paid for

services in procuring a dissolution of the injunction, the testimony fails to show it; and, therefore, the allegation of the complaint concerning attorneys' fees is unsupported by proof.

The rule of damages is correctly stated by Mr. High in his work on Injunctions, who says: "A reasonable amount of compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action upon the bond, if the injunction was improperly issued, the amount being limited to fees paid counsel for procuring the dissolution, and not for defending the entire case." High on Injunctions, secs. 973, 974, and cases there cited.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*