## MILES, respondent, *v.* EDWARDS ET AL., appellants.

INJUNCTION — *Restraining order — Attorney's fees as damages.* — In an action upon a bond given upon the procuring of a restraining order, which is subsequently dissolved, the plaintiff is entitled to recover, as an element of his damages, for reasonable attorney's fees paid by him in procuring the dissolution of such order and in resisting the application for a final injunction, although the services of the attorney were performed subsequent to the date limited by the order for the hearing of the application for the injunction.

VITALITY OF A RESTRAINING ORDER IS NOT NECESSARILY or even usually limited by the date mentioned in it.

*Appeal from Second District, Deer Lodge County.*

THE opinion states the facts.

ROBINSON & STAPLETON, for the appellants.

KNOWLES & FORBIS and W. W. DIXON, for the respondent.

POLLARD, J. This was an action upon an undertaking executed by the appellants, Charles W. Edwards and others, his sureties, to procure a temporary restraining order to restrain the respondent, Frank R. Miles, from the commission of certain acts complained of in the complaint. The breach charged is that " upon the hearing of all the matters, the court finally decided that said Charles W. Edwards was not entitled to an injunction in said cause, and the said restraining order was then and there dissolved and discharged;" that subsequently, and on the 2d day of December, 1884, the said Charles W. Edwards dismissed his cause of action, and the same was finally determined. By way of damages, the complaint alleges that the respondent paid for attorney's services in the hearing, contesting and determining of said injunction suit the sum of $300, which was a reasonable compensation for attorney's services necessarily rendered; that the respondent suffered further damages in the sum of $200, all of which damages remain unpaid."

The answer is substantially a denial of the material averments of the complaint. Upon trial, judgment for $300 and costs was rendered in favor of respondent.

The appeal is prosecuted under section 419 of the Code of Civil Procedure, and the error assigned is of law — that the court erred in giving and in refusing instructions touching the right to recover damages for amounts paid for attorney's fees in actions upon injunction bonds or undertakings under the circumstances disclosed by the record. We do not understand appellant's counsel, either in their written brief or in their oral argument, seriously to controvert the proposition that the value of services of attorneys ordinarily constitute a proper element of damages in actions upon injunction bonds. Heretofore this court has held that such an element is a proper element.

Sutherland, in his work upon damages, at pages 141 and 142 of the first volume, says: " Upon statutory bonds and undertakings to pay damages and costs, resulting from the issue of certain writs, as an injunction, sequestration, or

attachment, in case it shall be decided that the party obtaining it was not entitled to it, the recovery depends mainly on the terms of the undertakings; but ‘ damages and costs ’ include, among other things, the costs incident to the particular writ, and of the proceedings to procure its discharge, and including counsel fees, except in the federal courts, on principle and the weight of authority, where the prosecution or defense of suits is rendered necessary, naturally and proximately, by a breach of contract or any wrongful act, the costs of that litigation, reasonably and judiciously conducted, incurred, or paid, including reasonable counsel fees, are recoverable as part of the damages.”

The supreme court of California say: “ It appears to us that the principle is not only just in equity but sound in law, that all damages to which a party may be put by the wrongful issuance of an injunction should be recoverable in actions upon such a bond, and reasonable counsel fees should be included in those damages.” *Ah Thaie* v. *Quan,* 3 Cal. 219.

To the same effect is High in his work on injunctions, sections 973 and 974: “ Although there is some conflict of authority, it comports with our ideas of justice that if one be wrongfully driven to incur expenses in such a case that the fact that it was for attorney’s fees constitutes no reason why he should not be reimbursed, and we adhere to the rule above set forth.”

The contention of appellants is narrower, as made by the errors assigned upon the instructions and as insisted upon in argument, and is that: 1. That as this restraining order merely required the respondent to appear before the judge in chambers, “ on the 23d day of July, A. D. 1884, to show cause, if any he has, why he should not be enjoined, etc.,
. . . and in the meantime, and until the hearing of this order, said defendant . . . be enjoined and restrained,” etc., that after said 23d day of July said restraining order was *functus officio* and had expired by limitation; 2. That there is no right to recover for expenses incurred in the suit

for attorney's services rendered after the death of the restraining order, after July 23d.

Are these positions of counsel tenable? Is it true that a restraining order in the language of the one under consideration — "To appear . . . on the 23d day of July, 1884, to show cause, if any he has, why he should not be enjoined, . . . and in the meantime, and until the hearing of this order, be enjoined "— is invalid and of no effect? It never was the law that a court is under compulsion to perform a judicial act at the very day and hour it has cited a litigant to appear before it. Many circumstances are conceivable which would prevent prompt action, such as sickness of the judge; other and more important business. No one would be safe in violating a restraining order because of the lapse of the time mentioned in it, if the order itself informed him that at the expiration a judicial hearing was contemplated. This order expressly extended the restraint until the hearing. Mandates of courts are entitled to a reasonable construction, because they are made in the interest of public welfare. This position of appellants, therefore, cannot be maintained.

The cases cited in argument (*Tarpey* v. *Shillenberger*, 10 Cal. 391; *Hicks* v. *Michael*, 15 id. 109) are neither in conflict with this conclusion. The former is exceedingly brief, both in its statement of facts and deductions of law. All that seems to be decided is that the sureties might stand upon the very terms of their contract, of which no sufficient breach was alleged by the latter; that when, upon the hearing, an injunction is refused, the previous temporary restraining order is at an end, and no affirmative action is necessary to put a period to its existence.

In *Prader* v. *Grim*, 13 Cal. 587, an order was issued requiring the defendants to show cause August 29, 1856, why an injunction should not issue pursuant to the prayer of the complaint. "In the meantime," the defendants were enjoined. Nothing with reference to the preliminary order was done until September 20th, when a new bond was re-

quired.   October 10th the restraining order was dissolved.
In an action upon the bond, evidence was offered and re-
fused of damages sustained subsequently to August ·29th,
and prior to September 20th.   The refusal of such evidence
was held to be error.   The vitality of a restraining order
is not limited necessarily, or even usually, by the date men-
tioned in it.

The first instruction asked by appellants was properly re-
fused.   It is as follows: " The jury are instructed that un-
der the pleadings and evidence in this case, the plaintiff
cannot recover anything for attorney's fees paid in relation
to the order named in this suit, and the jury will disregard
any question of attorney's fees as damages."   If there were
any defect in the pleadings (which we need not decide),
their sufficiency should have been questioned in the man-
ner requisite to enable this court to pass upon it, and cer-
tainly there was some evidence tending to authorize a ver-
dict for attorney's fees.   W. W. Dixon testified that he and
Knowles & Forbis were employed, and paid $300 for resist-
ing the order which was in evidence, and that the $300 was
paid for whatever pertained to said order for preventing an
injunction from issuing, and getting rid of the order issued.
To have said, in such a case, that there was no evidence to
warrant a verdict in plaintiff's favor would have been wholly
to usurp the province of the jury.

There was no error in refusing the second instruction
asked by appellants.   It was thus: " The restraining order
in the suit of *Edwards* v. *Miles* expired of itself, and re-
quired no motion to dissolve it or set it aside."   What has
already been said is sufficient to indicate that the life of
a restraining order, in the language of the one under
consideration, has no specific term of existence.   If it is
desirable to terminate its existence, the place of its birth
must also be the scene of its death.   In courts such orders
have their beginnings and their ends.   To put courts in
motion, some action, by motion or otherwise, must be taken
by parties or their attorneys.

The third instruction requested by appellants, which was refused, has caused us the most difficulty. Its language is: "If the jury find from the evidence in the case that nothing was done by the attorneys employed by plaintiff Miles to dissolve or set aside the restraining order given in evidence in this case, the plaintiff is not entitled to recover the amount of any attorney's fees he may have paid for any other cause." At first blush, the proposition " no work no pay " strikes one as eminently just and proper. A little reflection, however, convinces one that the mere fact that the respondent was present by counsel to resist the continuance of the restraining order may have deterred the appellants from every effort for a continuance, and induced them to dismiss without contest. Were such the fact, and the contrary does not appear, then it was a " cause " for compensating respondent's attorneys, imposing upon respondent a moral and a legal liability, which being discharged, constitutes an element of damages against which the bond undertook to protect him.

The point which appellants seem most persistently to press is that the bond given was to protect against damages arising from the temporary restraining order, and that attorney's fees cannot be recovered for anything done in resisting a final injunction. Embodying this idea, they asked below the following instruction, which was refused: "The jury are instructed that if they find from the evidence that any part of the $300, attorney's fees, paid by plaintiff Miles to Dixon and others, was for any other services except dissolving the restraining order given in evidence, the plaintiff cannot recover in this action said $300, or any part of it, as the defendants in this cause are not liable for any money which the plaintiff Miles may have paid to prevent an injunction from issuing." The theory and argument of appellants is that the temporary or preliminary restraining order and the final restraining order are separate and distinct things, and that proof of the value of attorney's services, and the amount thereof paid in the case generally,

leaves it uncertain what amount was earned and paid sepa-
rately upon the preliminary injunction and the final in-
junction, and therefore nothing can be recovered. The
distinction is without a difference. The purpose of the
action was to procure an injunction of one thing. At first
it was wholly procured, though but for a limited time. By
the terms of the preliminary order, the parties were as fully
enjoined, "until the hearing," as by any final order they
could have been enjoined. It cannot be claimed that if the
preliminary order was in force " until the hearing " that its
efficacy ceased when the hearing began; because the object
of the hearing was to determine whether the order was
rightfully made; and until the end of the hearing that
point could not properly be determined. It then was essen-
tial and proper that throughout the entire hearing the
rights of respondents should be represented and protected
by counsel. Upon a full and final hearing, the only possi-
ble judgments that could have been given were for the con-
tinuance or the cessation of the restraint imposed by the
preliminary order. The uncontradicted evidence is that the
$300 paid for attorney's fees was paid for attorney's serv-
ices in doing " whatever pertained to said order for pre-
venting an injunction from issuing and getting rid of the
order issued."

The respondents were bound to appear at the hearing and
to remain until the hearing closed. It was proper that they
should be represented throughout by counsel. It was right
that they should pay their attorneys. It is just that they
should recover from the appellants the amount so paid if the
services were necessary and the price was reasonable. The
very terms of the bond are, to " pay to said defendant (re-
spondent) any and all damages he may sustain by reason of
said order or the issuing thereof." The case is distinguishable
from the cases cited, *Campbell* v. *Metcalf*, 1 Mont. 379;
*Allport* v. *Kelley*, 2 id. 343, wherein the relief by injunction
was merely ancillary to the main action, and services were
rendered by the attorneys in both the auxiliary and the

main actions, upon which a gross value was fixed. Here, so far as appears, no services were rendered for which compensation was made and damages claimed, except about the injunction.

The instructions given by the court below, of which complaint is made, are as follows: "If the jury find that Miles employed counsel for the purpose of dissolving the restraining order served upon him, and for the purpose of preventing any further injunction and contesting the right of Edwards to an injunction, then the jury will assess such damages in favor of Miles as is a reasonable attorney fee for such services, not exceeding $300, provided Miles has actually paid such fee." "If Miles employed counsel for the special service of dissolving and defending against the restraining order on the hearing appointed for the purpose of determining whether Edwards was entitled to an injunction, then Miles is entitled to recover on the bond here sued on, reasonable attorney's fees actually paid out for such purpose." Upon the questions embodied in these instructions, we do not see how the jury could have been more explicitly and briefly directed to a proper consideration of the law decisive of the rights of the parties. Perceiving no reason why the judgment of the court below should be reversed, we affirm the same at the cost of the appellants.

*Judgment affirmed.*