CREEK, APPELLANT, *v.* McMANUS ET AL., RESPONDENTS.

[Argued October 27, 1892.   Decided April 10, 1893.]

NONSUIT—*Instruction to jury.*—An instruction to the jury to find for the defendant, given on motion in a civil action at the close of plaintiff's case upon the ground of failure of proof, is in effect a nonsuit.   (*McKay* v. *Montana Union Ry. Co., ante,* p. 15, cited.)

SAME—*Appeal.*—In reviewing a judgment rendered on motion for a nonsuit, all facts will be considered as proved which the evidence tends to prove.   (*Herbert* v. *King,* 1 Mont. 475; *Gans* v. *Woolfolk,* 2 Mont. 463, cited.)

INJUNCTION—*Attorney's fees—Damages.*—Attorney's fees paid to procure the dissolution of an injunction are recoverable as an item of damages in an action on the bond given in the injunction suit.

SAME - *Same—Proof.*—In an action upon an injunction bond where attorney's fees paid to procure a dissolution of the injunction are sought to be recovered as damages, testimony by the plaintiff that she paid a certain fee to an attorney for "dissolving the temporary injunction," and "to resist the perpetual injunction," tends to prove such item of damages without apportioning the fee between the two services, where the right to an injunction was the only cause of action set up in the suit in which such bond was given, and the only service that was or could have been rendered by the defendant's attorney in the injunction suit was confined to defeating the injunction, whether by motion or by a trial of the case. (*Miles* v. *Edwards,* 6 Mont. 180, cited; *Campbell* v. *Metcalf,* 1 Mont. 378; *Allport* v. *Kelley,* 2 Mont. 343; *Parker* v. *Bond,* 5 Mont. 14, distinguished.)

TRIAL—*Exclusion of evidence after demurrer overruled—Amendment.*—Where a demurrer to a complaint has been overruled, it is error for the court to exclude evidence offered to prove the allegations at which the demurrer had been directed, upon the ground that such allegations were insufficient to admit the proof, without first giving the plaintiff an opportunity to amend the complaint.

*Appeal from Ninth Judicial District, Gallatin County.*

Action upon an injunction bond. Judgment was rendered for the defendants below by ARMSTRONG, J. Reversed.

Statement of facts, prepared by the judge delivering the opinion.

The plaintiff brought this action to recover against the defendants damages for the alleged wrongful issuance of an injunction. McManus, defendant herein, brought an action for an injunction against this plaintiff, and, in such action, gave the statutory undertaking, with Cline and Davis, the other defendants herein, as sureties. That action was for an injunction only. In that action the plaintiff herein and defendant therein recovered judgment for costs, and for the dissolution of the injunction. In the case at bar she seeks damages occurring by the issuance of that injunction. The judgment in this case was for defendant, and plaintiff herein appeals. The case was tried to a jury. At the close of the evidence for the plaintiff, the defendant moved the court "to instruct the jury to bring in a verdict for the defendant, on the ground of a failure of proof by plaintiff." This motion was granted, and the court instructed the jury accordingly. In pursuance to the instruction, the jury found for the defendants, and judgment was thereupon entered. From this judgment the plaintiff appeals.

*E. P. Cadwell*, for Appellant.

I.   A nonsuit is an adjudication of the court, and it matters not whether the court manifest that decision by an instruction to the jury, or discharging it and ordering the clerk to enter judgment for the defendants, or directs a *pro forma* nonsuit on its own motion or motion of the defendants, the result is the same.   The instruction to find for the defendants was for all practical purposes a nonsuit, and must be governed by the rules governing nonsuits.

II.   The motion to instruct the jury to find for defendant should have been overruled, because it does not specify in what particular the pleadings are insufficient, so that an opportunity could be given plaintiff to have secured leave to amend his complaint.   (*Herbert* v. *King*, 1 Mont. 475; *Gans* v. *Woolfolk*, 2 Mont. 463; *Raimond* v. *Eldrige*, 43 Cal. 506; *Baker* v. *Joseph*, 16 Cal. 173; *Dow* v. *Gould & Curry etc. Co.*, 31 Cal. 651, 652; *Cravens* v. *Deway*, 13 Cal. 40; *Pratt* v. *Hull*, 13 Johns. 335; *Darst* v. *Rush*, 14 Cal. 82; *McKee* v. *Greene*, 31 Cal. 418; *Dero* v. *Cordes*, 4 Cal. 118; *Labar* v. *Koplin*, 4 N. Y. 547; 16 Am. & Eng. Ency. of Law, page 741; *Hicks* v. *Coleman*, 25 Cal. 122; 85 Am. Dec. 103; *Coffey* v. *Greenfield*, 62 Cal. 604; *People* v. *Banvard*, 27 Cal. 470; *Sanchez* v. *Neary*, 41 Cal. 485; *Kiler* v. *Kimbal*, 10 Cal. 267; *McGarrity* v. *Byington*, 12 Cal. 426.)

III.   The court held the allegations of the complaint sufficient on demurrer to entitle her to a recovery in every particular in which she sought a recovery, and there being no specification in what the complaint was insufficient upon the trial, the plaintiff could not ask for leave to amend, to supply the defect.   (*Newell* v. *Meyendorff*, 9 Mont. 254; 18 Am. St. Rep. 738.)   The complaint stated cause of action, and if it was susceptible to a demurrer it was one to make more definite and certain, and not for insufficiency of statement of fact.

IV.   The motion should not have been sustained because there was proof tending to show that the plaintiff was damaged by reason of having been obliged to pay an attorney's fee of one hundred dollars to defeat the securing of a perpetual injunction.   The suit of the defendant John McManus and this plaintiff was solely and only for the purpose of securing

a perpetual injunction; and whatever was paid by the plaintiff to her counsel in that case was paid to defeat the permanent injunction, and she thus brought herself within the rule laid down in *Miles* v. *Edwards*, 6 Mont. 180. (See, also, *Wilson* v. *McEvoy*, 25 Cal. 174; *Pinney* v. *Hershfield*, 1 Mont. 368; *Kent* v. *Snyder*, 30 Cal. 666; *Green* v. *Palmer*, 15 Cal. 411; 76 Am. Dec. 492; *Tarpey* v. *Shillengberger*, 10 Cal. 391; 10 Am. & Eng. Ency. of Law, p. 988; High on Injunctions, §§ 973, 974; Sutherland on Damages, pp. 141, 142.)

V.   The court committed error by refusing to allow the plaintiff to prove the value of the crop lost by reason of the service of said injunction. (See *Aldrich* v. *Reynolds*, 1 Barb. Ch. 616; *Edwards* v. *Edwards*, 31 Ill. 474; *Dougherty* v. *Dore*, 63 Cal. 170; High on Injunctions, §§ 1663–73; 2 Sutherland on Damages, §§ 68–70; *Meysenburg* v. *Schlieper*, 48 Mo. 426; *Riddlesbarger* v. *McDaniel*, 38 Mo. 138.)

*Luce & Luce*, for Respondents.

I.   There is no cause of action stated in the amended complaint, with the possible exception of the allegations as to the employment and payment of an attorney "to procure the dissolution of said injunction"; and as that allegation is joined with the allegation that such employment and payment were "in order to defend said suit" the whole paragraph is insufficient, and no proof thereunder was admissible. No motion was made to dissolve the injunction and no services were ever rendered by the attorney for defendant in that suit in or about that injunction. It is certain that it must be conceded that there never were any services rendered by any attorney for the defendant in the old suit except on the merits of the case, and that no motion was ever made to dissolve the injunction. There was no proof of any sum paid for services in the matter of the temporary injunction. Such being the facts there could have been no damages so far as attorney's fee was concerned "by reason of said injunction." (*Campbell* v. *Metcalf*, 1 Mont. 378; *Allport* v. *Kelley*, 2 Mont. 343.)

II.   The motion was not for a nonsuit; it was for the court to instruct the jury to bring in a verdict for the defendants, and the question is whether the court's instruction was correct.

The grounds in that motion and in the instruction are as specific as it is possible from the nature of the case to make them. They state that there had been no testimony offered proving or tending to prove any allegation in the complaint.   The defects had been pointed out by the demurrer and also by the many objections on which testimony had been excluded.   Appellant could have amended even after the instruction was given if there had been any grounds therefor.  (*Wormall* v. *Reins*, 1 Mont. 627; *Hartley* v. *Preston*, 2 Mont. 415; *Hershfield* v. *Aiken*, 3 Mont. 443; *Randall* v. *Greenhood*, 3 Mont. 506; *Anderson* v. *Hulme*, 5 Mont. 295.)   The objection all the way through to the complaint was both by demurrer and by objections to testimony that it did not state a cause of action for any of the several alleged damages.   This objection could be taken for the first time in the supreme court, and this ground is never more specifically stated than in the language of the 6th subdivision of section 87 of the Code of Civil Procedure, and is never waived.  (*Parker* v. *Bond*, 5 Mont. 1; *Kent* v. *Snyder*, 30 Cal. 667; *White* v. *Pratt*, 13 Cal. 521; *Haskell* v. *Moore*, 29 Cal. 437; *Anderson* v. *Hulme*, 5 Mont. 295.)   Formerly it was held that if there was a scintilla of evidence in support of a case the judge was bound to give the case to the jury; but that doctrine is exploded.  (*Commissioners* v. *Clark*, 94 U. S. 278; *Improvement Co.* v. *Munson*, 14 Wall. 442, and cases cited, 448; 11 Am. & Eng. Ency. of Law. pp. 243, 244, 245, and cases cited.)   But it is not a question of nonsuit, but a question of the power of the court to direct a verdict in a case where there is an entire failure of proof, and where no verdict for plaintiff could be sustained.   Where the case is such that the court would be compelled to set aside a verdict if rendered in favor of a party, because not reasonably supported by the evidence, the court may direct a verdict for the opposite party.  (*Thompson* v. *Pioneer Press Co.*, 37 Minn. 285; *National Ex. Bank* v. *White*, 30 Fed. Rep. 412; *North Pacific R. R. Co.* v. *Bank*, 123 U. S. 727, and cases cited; *Anderson Co. Commrs.* v. *Beal*, 113 U. S. 228, and cases cited; *Pleasants* v. *Fant*, 22 Wall. 116–20; *Herbert* v. *Butler*, 97 U. S. 319, 320; *Bevans* v. *United States*, 13 Wall. 56; *Walbrun* v. *Babbitt*, 16 Wall. 577; *Hendrick* v. *Lindsay*, 93 U. S.

143; *Arthur* v. *Morgan*, 112 U. S. 495; *Dwyer* v. *Kalteyer*, 68 Tex. 554; Code Civ. Proc., § 262, subd. 6; *Jackson* v. *Jacksonport*, 56 Wis. 312; Thompson on Charging Jury, 44, 47; Proffatt on Jury Trial, §§ 351–54; *Harris* v. *Woody*, 9 Mo. 113.)

DE WITT, J.—Appellant contends that the granting of the motion to instruct the jury to find for the defendants was error. This action by the court in a civil case was practically, in effect, the granting of a nonsuit, and must be classified and treated as a nonsuit. That this is the proper view of that action by the court was so fully, and, to my mind, satisfactorily, treated in the recent case of *McKay* v. *Montana Union Ry. Co.*, *ante*, p. 15, that it would not be profitable to add to the remarks made in that case. In reviewing the judgment rendered upon the sustaining of that motion for a nonsuit, all facts will be considered as proved which the evidence tends to prove. (*Herbert* v. *King*, 1 Mont. 475; *Gans* v. *Woolfolk*, 2 Mont. 463.)

Does the evidence in this case tend to prove any cause of action? The cause of action was for damages occurring by reason of the injunction action of defendant herein against plaintiff herein. One item of the alleged damages is pleaded in the complaint in this case as follows: "That in order to defend said suit and to procure the dissolution of said writ of injunction, this plaintiff (defendant therein) was obliged to and did employ an attorney at an expense of one hundred dollars, which sum so paid was a reasonable sum for said services." We think that there was evidence tending to sustain this allegation. This action of *McManus* v. *Creek* was for an injunction only. The injunction was not asked for in connection with any other cause of action, nor were any damages claimed, nor was any other relief than the injunction asked. Nothing was obtained by plaintiff in that action except a temporary injunction. That temporary injunction was dissolved on the trial of the action, and not upon a separate motion made for that purpose. Plaintiff testified on her examination as a witness as follows: "I am the plaintiff in this case. I was the defendant in the case of *John McManus* v. *Rachael E. Creek*, that was tried about a year ago, and in that case I employed a person to resist the injunc-

tion which had been served on me in that case.    I employed Judge Liddell to dissolve the temporary injunction, and to resist the perpetual injunction, and that was the only purpose for which I employed him in that case." Respondent contends that the fee paid to the attorney for "dissolving the temporary injunction" and "to resist the perpetual injunction" is not by the evidence apportioned between these two services, and that the jury could not determine what portion of the one hundred dollars was paid for dissolution of the injunction. (*Campbell* v. *Metcalf*, 1 Mont. 378.) But in that case the fees paid to the attorneys were in an action brought to recover possession of a mining claim. In that action an injunction was procured. The fees were paid to the attorneys in a gross sum for their services in determining the title to the property, and in procuring a dissolution of the temporary injunction. It appears in the evidence that there were these two separate and distinct services. It did not appear what portion of the fees were paid for dissolving the injunction, and what portion for determining the title to the property. The court said: "As there was no evidence to show how much money had been paid to procure the dissolution of this injunction, it was improper for the court to give any instruction which would lead the jury to consider the matter."

But in the case at bar the right to an injunction was the only cause of action set up or litigated, and no services could have been rendered for any other purpose. Upon the trial the temporary injunction was dissolved, and a perpetual injunction denied, at one stroke, and by one service of the attorney. The damages caused the plaintiff herein were caused by the action of *McManus* v. *Creek*, and the issuance of the temporary injunction on the complaint therein. The defendant employed an attorney to resist that injunction. Instead of attacking the temporary injunction, which was in force, by a distinct motion for that purpose, the attorney dissolved it by another sort of attack. He assaulted the very foundation of the injunction— that is, the action in which it was granted—and demolished the whole structure by one effort. These facts render applicable the case of *Miles* v. *Edwards*, 6 Mont. 180, in which case, as in the case at bar, the only cause of action was the injunc-

tion.   Therefore, *Miles* v. *Edwards* and the case now before us are distinguishable, as above noted, from *Campbell* v. *Metcalf*, 1 Mont. 378; and also from *Allport* v. *Kelley*, 2 Mont. 343, and *Parker* v. *Bond*, 5 Mont. 14, in which latter cases, as well as in *Campbell* v. *Metcalf*, 1 Mont. 378, there was a main cause of action involving the title to property, and the injunction, as remarked in *Miles* v. *Edwards*, 6 Mont. 180, was only ancillary thereto.   It therefore appears herein that the fee paid the attorney was paid wholly on account of the injunction and for services as to no other cause of action than the injunction.   We are therefore of opinion that there was evidence tending to prove damages occurring to plaintiff by reason of being obliged to pay attorney's fees in the injunction action. Such damages may be recovered in an action upon the undertaking given in the injunction suit.   See cases above cited in this opinion.

We will notice the error claimed in exclusion of testimony. The complaint alleges that, by the said wrongful issuance of the injunction, the plaintiff sustained damages in the loss of crop, which she says are particularly set forth, as follows: "That the loss of crop caused by this plaintiff [defendant therein] not being able to secure water through said irrigating ditch, so commenced, to properly irrigate them, by reason of her stopping work thereon, by reason of said injunction being so wrongfully issued and served, in the sum of one hundred and fifty dollars."   A demurrer by defendant was directed at this paragraph of the complaint, as follows: "That said complaint does not state facts sufficient to constitute a cause of action for the damages alleged in paragraph 8 thereof."   The district court overruled this demurrer, thereby declaring its view, and the law of the case for the time, that this paragraph of the complaint was a sufficient allegation of damages.   Upon the trial, plaintiff offered evidence tending to show in detail the destruction of her crop of grain by reason of the deprivation of the water, and the value of the same, and the damages.   The court refused to admit this evidence, on the ground that the allegation of special damages in the complaint was not sufficient.   It may be that the allegation of damages to the crop, as set out in the complaint, should have been more complete

in alleging the kind and quantity of the crop, and the amount of profits of which plaintiff was deprived.  (*Carron* v. *Wood,* 10 Mont. 507, 508.)    The infirmity in the allegation is probably not of such vital character, however, that it could have been urged by defendant after he had answered, if verdict and judgment had followed for plaintiff.    But the court, on demurrer, had held this allegation of the complaint sufficient. Then, on the trial, when it excluded plaintiff's proffered evidence, it, in effect, held the allegation to be insufficient.    Plaintiff, after the court had told her that her complaint was good, went into the trial rightfully relying upon that ruling.    If the court had obtained further light upon the subject, and had concluded that its ruling upon the demurrer was wrong, it should have given plaintiff an opportunity to amend her complaint before ruling out all her evidence; for, as the trial went, the plaintiff, by relying upon the first ruling of the court as to the sufficiency of her complaint, was defeated in offering her evidence to sustain the complaint, because the court had in the mean time concluded that the complaint was insufficient.    We are of the opinion that this was an error.    These remarks also apply to other exclusions of evidence specified by appellant on the ground that the complaint was insufficient, whereas the court had, on demurrer, held that in these respects the complaint was sufficient.    The judgment is reversed, and the case is remanded for a new trial.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.