Carnes v. Heimrod.

EDWARD C. CARNES ET AL. V. LOUIS HEIMROD.

FILED JUNE 18, 1895. No. 6292.

1. **Costs: ATTORNEYS' FEES: INJUNCTION.** Attorneys' fees, ordinarily, are not recoverable in this state for services rendered in an attempt to dissolve a temporary restraining order pending the hearing of a motion to allow a temporary injunction.

2. **Review: MOTION FOR NEW TRIAL.** In the absence of a motion for a new trial the supreme court cannot determine whether or not there were errors of law in a trial in the district court.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*Frank T. Ransom* and *Blair & Goss*, for plaintiffs in error, cited, as to the right to recover attorneys' fees: *Miles v. Edwards*, 6 Mont., 180; 1 Sutherland, Damages, p. 141; High, Injunctions, secs. 973, 974; *Ah Thaie v. Quan Wan*, 3 Cal., 216; *State v. Wakeley*, 28 Neb., 437.

*Smith & Sheean* and *Mahoney, Minahan & Smyth*, contra, cited: High, Injunctions, secs. 1685, 1692; *Hicks v. Michael*, 15 Cal., 107; *Winkler v. Roeder*, 23 Neb., 709; *Atkins v. Gladwish*, 25 Neb., 390; *Oelrichs v. Spain*, 15 Wall. [U. S.], 211.

RYAN, C.

This action was brought in the district court of Douglas county for the recovery, as damages, of such attorneys' fees as plaintiff alleged had been earned in procuring to be dissolved a temporary restraining order made in an action which had been pending in said district court wherein said E. C. Carnes was plaintiff and Louis Heimrod was defendant. The undertaking which formed the basis of the plaintiff's alleged cause of action was not introduced in

evidence, and there is to be found in the record no copy of
the original restraining order by which such undertaking
was required.    In *State v. Wakeley*, 28 Neb., 431, it was
held that an order of this kind did not amount to, or take
the place of, a temporary injunction, for which reason the
application for a *mandamus* requiring the district judge to
fix the amount of the penal sum of an undertaking of the
nature of that above referred to was denied.    In the case
just cited was this language: "It is very clear that the
legislature never intended to give the force and effect to a
restraining order which attaches to an injunction when
regularly allowed.    It simply suspends proceedings until
an opportunity can be given for the parties to be heard,
and upon that hearing having been had, and a decision
rendered upon the application, the whole force of the re-
straining order ceases by its own limitation." . The restrain-
ing order above contemplated was one which had force and
effect until the motion for the allowance of a temporary in-
junction could be disposed of.    It might be, that such
an order in this case fixed a very early date as that
on which the motion just mentioned would be heard or
determined.   In such case the preparation would be for
the hearing of the motion to allow the temporary injunc-
tion prayed, for the reason that little or nothing could be
gained by moving to dissolve the restraining order.    Pos-
sibly this consideration may have influenced the district
court to hold that the services rendered, for which compen-
sation is now sought to be recovered, were rendered rather
with reference to defeating an order for temporary injunc-
tion than dissolving the temporary restraining order which
preceded the hearing of the motion for the allowance of
such temporary injunction.    The evidence of Mr. Ran-
som, who alone testified as to the nature and value of the
services rendered by the attorneys, coupled such services as
having been rendered to secure a dissolution of the re-
straining order with the effort to prevent the allowance of

the temporary injunction. Whatever proportion of fees was allowable for the latter class was not contemplated by the undertaking upon which this suit was brought, therefore, for this no recovery could be had on such undertaking. Attorneys' fees for the dissolution of a temporary restraining order are recoverable, if at all, only in exceptional cases, of which that under consideration is not one. It seems to be laid down in *Miles v. Edwards,* 6 Mont., 180, that a different rule should prevail. The views of the court by which the above case was decided are so radically different from the understanding which this court has of the purpose of a restraining order that the case cited tends to mislead rather than to aid our judgment. By that court a restraining order is regarded as having much the same purpose, and therefore as being subject to like rules with those which govern temporary injunctions. The district court properly denied the right to a recovery of attorneys' fees in the case at bar, for such a recovery was not within the conditions of the undertaking sued upon. The defendant, in his answer, sought to recover such fees as had been earned, and which he alleged were due him for services rendered while he was deprived of the office of oil inspector and its emoluments. Proof was tendered of the amount of these fees, but was rejected by the district court. We are not able to enter upon an investigation of the question, for the reason that while the record recited the ruling on defendant's motion for a new trial, the motion itself cannot be found. The judgment of the district court is

AFFIRMED.