# McGraw, *et al.* v. Little.

### Suit on Injunction Bond.

(Decided January 11, 1917.   73 South. 915.)

1. **Injunction; Suit on Bond; Relief.**—Where injunctive relief pending the determination of the action is the principal purpose of the bill and the ultimate relief sought is to make the temporary injunction permanent, then upon its dissolution attorney's fees may be recovered in an action on the injunction bond as for the defense of the entire action.

2. **Same.**—Where injunctive relief is not the sole or principal purpose of the bill, but is only incidental, on dissolution of the injunction, attorney's fees may be recovered in an action on the bond only to such extent as they were incurred by reason of the issuance of the writ itself and the plaintiff has the burden of showing the fair and reasonable value of the services rendered in procuring dissolution of the injunction.

3. **Same; Principal Relief.**—When injunctive relief is sought merely as an aid to other relief, the injunction is not the principal purpose of the bill and on dissolution of the injunction attorney's fees expended in the suit cannot be recovered in an action on the injunction bond; but the rule is otherwise where the purpose of the bill is to compel some action, the omission of which would be wrongful, or to prevent some action the commission of which would be wrongful, legal remedy for damages being inadequate.   In such a case the relief begins and ends with the writ and all attorney's fees expended in defending the suit are recoverable.

4. **Same.**—Where the purpose of the bill was to enjoin the maintenance of an ejectment suit, the ground being that complainant in the bill for injunction had acquired a perfect equity in growing timber on the land by payment of the purchase price and being placed in possession under a parol contract of sale, the main purpose of the bill was the injunction and on dissolution of the temporary injunction by the dismissal of the bill, attorney's fees expended in defending the entire action are recoverable in a suit on the bond.

APPEAL from Anniston Circuit Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by W. L. Little against C. O. McGraw and others. From a judgment for plaintiff, defendants appeal.  Transferred from Court of Appeals under Acts 1911, p. 450, § 6.  Affirmed.

The only damages counted on are for counsel fees incurred in defending the injunction suit.  The bond sued on was given in the chancery suit, in which the bill of complaint showed that complainant had acquired from respondent a perfect equity in certain growing timbers by paying the purchase price, and being put in possession thereof under parol agreement of sale.  The prayer

was that upon a final hearing it be decreed that respondent has no right, title, nor interest in and to the above-described premises, and, further, that pending the determination of the suit an injunction be issued enjoining respondent from proceeding in the circuit court of Cleburne county with the ejectment suit hereinabove referred to until this case can be disposed of, and finally that respondent be perpetually enjoined from proceeding with the ejectment suit referred to. In addition there was the general prayer for relief. No motion was made for the dissolution of the temporary injunction, and its dissolution was accomplished by the dismissal of the bill on the evidence submitted on the final hearing on the merits. Respondent's counsel charged a fee of $100, which was for all the services rendered in the chancery suit, and was shown to be a reasonable fee. No evidence was offered to show that any services were separately rendered with respect to the temporary injunction, nor what such services would be worth. The court without the intervention of the jury rendered judgment for $100 for plaintiff, and the assignments of error are predicated upon the insufficiency of the evidence to support the judgment.

HARVEY A. EMERSON, for appellants. CHARLES F. DOUGLASS, for appellees.

SOMERVILLE, J.—With respect to the recovery of counsel fees as damages in actions on injunction bonds, our decisions have clearly settled the following propositions:

(1) 1. If the injunctive relief obtained pending the determination of the suit is the sole or the principal purpose of the bill, the ultimate relief sought being solely or principally the perpetuation of the temporary injunction, then upon its dissolution, whether in advance of or upon the final hearing of the cause itself, counsel fees are recoverable as for the defense of the entire suit to the extent, of course, that they have been incurred therefor.

(2) 2. If such injunctive relief is not the sole or principal purpose of the bill, but is only incidental thereto, then only such counsel fees are recoverable as are incurred by reason of the writ itself; and the burden is upon the plaintiff to prove the fair and reasonable value of the services rendered in procuring the dissolution of the injunction.—*Jackson v. Millspaugh*, 100 Ala.

285, 14 South. 44; *Bush v. Kirkbride,* 131 Ala. 405, 30 South. 780; *Jesse French P. & O. Co. v. Porter,* 134 Ala. 306, 32 South. 678, 92 Am. St. Rep. 31; *Curry v. A. F. L. M. Co.,* 124 Ala. 614, 27 South. 454; *Robertson v. Robertson,* 58 Ala. 68; *Bolling v. Tate,* 65 Ala. 417, 30 Am. Rep. 5. See, also, in accord, *Reece v. Northway,* 58 Iowa 187, 12 N. W. 258; *Creek v. McManus,* 13 Mont. 152, 32 Pac. 675.

(3) These general statements of the law require some elucidation. What test determines whether injunctive relief is the sole or the principal purpose of the bill, or is merely incidental? In this connection Mr. Pomeroy observes: "The equitable reliefs against mistake or fraud with respect to equitable property and the equitable remedies of all kinds to enforce trusts, express or by operation of law, and fiduciary duties concerning specific property, would be of comparatively little practical value, unless the court could by injunction restrain the alienation, transfer, or incumbrance of such property, and all other modes of dealing with it which would prejudice the rights of the complainant, and prevent him from acquiring the title, or from enjoying his estate, or from enforcing his claim, or from receiving the full benefits of his final relief. It may therefore be stated as a general proposition that, whenever the equitable relief against mistake or fraud with respect to specific property, or the equitable remedy of enforcing trusts or fiduciary duties concerning any other equitable estates, interests, or claims in or to specific property, requires the aid of an injunction, a court of equity has jurisdiction, and will exercise that jurisdiction to grant an injunction, either pending the suit or as a part of the final decree."—4 Pom. Eq. Jur. (3d Ed.) § 1339.

In this class of cases it is perfectly clear that injunctive relief is not the sole or principal purpose of the bill, but merely in aid thereof; that is, to render effective the ultimate remedies to which the complainant may be entitled with respect to such property.

On the other hand, where the purpose is merely to compel some action the omission of which would be wrongful, or to prevent some action the commission of which would be wrongful, the legal remedy for damages being inadequate, the relief sought is essentially injunctive, and begins and ends with the writ. Of this class are injunctive suits to prevent or restrain the commission of torts.—4 Pom. Eq. Jur. (3d Ed.) § 1346.

(4) There is a third class of cases in which the complainant seeks, by the mere assertion of an equitable status, to prevent his adversary from enforcing against him, by suit or judgment at law, a dominant legal status with respect to the matter in question. Here the primary as well as the ultimate aim of the bill is to finally prevent the prosecution to judgment, or the enforcement of a judgment already obtained. And if such relief would follow ipso facto upon the mere establishment of the equitable status, then the suppression of the adversary's legal remedy must be regarded as the principal and controlling purpose of the bill.

Such a bill is exemplified by the case of *Jackson v. Millspaugh,* 100 Ala. 285, 14 South. 44. There the chancery suit in which the bond sued on was given was for the reformation of a bill of sale as to its mistaken description of the chattels sold, and to restrain pro tanto the prosecution by the vendee of an action at law for damages for the vendor's refusal to deliver all of the chattels described in the writing; and a temporary injunction was obtained. Said the court, per STONE, C. J. "The controlling purpose of Jackson's bill was an injunction of the suit at law, to the extent it was charged there was a mistake in the written contract. Without the injunction there must be a recovery at law for all that was claimed; for the writing on which it was founded precluded all defense at law based on the alleged mistake. And the necessity for getting rid of the temporary injunction did not end the trouble. If dissolved on motion, and afterwards reinstated on proof, this would have left Millspaugh and his associates equally without right to recover, to the extent relief should be obtained under the bill. So the expense the injunction imposed on them was not limited to getting relief from the temporary injunction. It extended farther, and embraced all the outlay that would become necessary to prevent a reinstatement of the injunction. * * * We concur with the city court in holding that in this case all the expense incurred by Millspaugh in preparing the case for final hearing must be classed as damages resulting from the injunction, and is recoverable."

The instant case cannot be essentially distinguished from *Jackson v. Millspaugh,* and our conclusion here must be the same.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.