This is an appeal from a judgment for plaintiff, Robert E. Perry, after suit upon a bond for a temporary injunction executed and filed by defendants pursuant to Title 7, § 1043, Code of Alabama (1940) (Recomp. 1958). We affirm.
In 1972, Cox and Perry, Inc., a corporation, brought an action against Robert E. Perry and Charles Cummings, Jr. seeking declaration of a resulting trust in favor of Cox and Perry, Inc. in the receipts to be derived by Perry from a business transaction he had entered while president of the corporation. A temporary injunction was obtained ancillary to the suit requiring that funds derived from the transaction to the credit of Perry be held until judgment in the suit. Cox and Perry, Inc. with Charles E. Cox and John Luker as sureties entered into bond in the amount of $5,000 payable to Perry and Cummings and conditioned upon payment of all damages incurred by them upon dissolution of the injunction.
Demurrer filed by Perry and Cummings to the suit was overruled. After answer, the matter was heard upon the merits and judgment was entered for defendants. The injunction continued in effect from March 1972 until final judgment and affirmance by the Supreme Court of Alabama on June 18, 1976. The total sum accumulated and withheld from Perry was $125,000.
The suit from which this appeal comes was brought by Perry, with Cummings apparently subsequently added as a plaintiff by amendment.[1] The case was submitted *Page 593 
to the trial court, sitting without benefit of jury, upon stipulation and the testimony of Perry as to his damages. Judgment was entered in favor of Perry for $5,000.
The first issue presented is whether recovery may be had in a suit on a temporary injunction bond, when there was no dissolution of the injunction by ruling upon demurrer as to equity in the bill or upon motion to dissolve, but judgment was entered in favor of the defendants upon the merits of the suit.
We repeat a portion of what we said in the case of UnionSprings Telephone Company v. Green, 47 Ala. App. 427, 431,255 So.2d 896, 900 (1971): "The right of action on the bond is conditioned only upon a legal dissolution of the injunction. It matters not whether such dissolution comes upon a motion to dissolve or a hearing upon the merits." Our statement there is dispositive of the identical issue here.[2]
The next issue presented is whether the person restrained is required to mitigate his damages while under restraint.
The answer to the issue is in the affirmative. However, whether one mitigates damages is a question of fact. Fuller v.Martin, 41 Ala. App. 160, 125 So.2d 4 (1960); 22 Am.Jur.2d, Damages, § 339. There was testimony from Perry as to how and when the withheld funds were invested in a certificate of deposit from which interest was realized. The court heard the evidence as to damages and mitigation orally and it could have determined that Perry made a reasonable effort to mitigate his damages. The conclusion of the trial court under such conditions is presumed correct and this court is unable to determine that it is not supported by the evidence and is plainly erroneous. Louisville and Nashville R.R. v. HarrisTransfer Co., 293 Ala. 121, 300 So.2d 378 (1974).[3]
The last issue is whether the sums paid as attorney fees in the trial of the case on the merits were recoverable as an element of damages. In this case, we find that attorney fees as proved by the evidence are not recoverable as damages. The rule as to recovery of attorney fees in suits upon injunction bonds is stated in the case of McGraw v. Little, 198 Ala. 553,73 So. 915 (1917). That rule appears to say: If injunctive relief is not the sole or principal purpose of the bill, but is only incidental thereto, only fees which are incurred in procuring the dissolution of the injunction itself are recoverable. We consider that the meaning of the holding in McGraw is that there must have been fees incurred in an effort to secure dissolution prior to a trial of the suit on its merits. The theory advanced by appellee as to the right to recover attorney fees for the defense of the case on its merits is original, but not convincing.
In any event, there was undisputed testimony that Perry incurred more than $5,000 in damages as a result of not having the restrained funds to use for living expenses.
The judgment of the court is therefore supported by the evidence.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] However, Cummings did not testify as to any damages suffered, and the court entered judgment only in favor of Perry. Therefore, Cummings is not considered a party for purposes of this opinion.
[2] Let it be recognized that we spoke in Union Springs as we do here. Our statement relates to a temporary injunction ancillary to a suit whose principle purpose is other than the injunction or its perpetuation.
[3] Under the circumstances, we do not decide that mitigation of damages in this case was required as a matter of law. *Page 594