BRADLEY, Judge.
On January 30, 1979 Max Fishman, a sales representative of Ole South Building Supply Corporation (“Ole South”), called on plaintiffs, Woodzie and Susan Myrick, to persuade them to permit Ole South to install steel siding on their home in Florence, Alabama. The Myricks agreed to let Ole South install the siding, and subsequently affixed their signatures to a property improvement contract, a home improvement sales contract, and a mortgage agreement. The total contract price was payable in eighty-four monthly installments. The mortgage on plaintiffs’ home was designed to secure payment of the contract price.
• Plaintiffs testified at trial that at the time they signed the contracts and the mortgage, only the property improvement contract had been completed with the necessary information. They further testified that Fishman failed to inform them of the total finance charge on the contract, the annual percentage rate thereon, and any charge that might be made for credit life insurance. Plaintiffs maintained that, at the time the transaction was consummated on January 30, 1979, they did not receive copies of the home improvement sales contract or of the mortgage, nor did they receive a written notice of their right to cancel the contracts.
Plaintiffs made monthly payments until October 1979. Upon plaintiffs’ default, de *703 fendant, Finance America, the assignee of Ole South’s outstanding accounts, attempted to foreclose on the mortgage. On July 22,1980 plaintiffs’ attorney notified defendant that "plaintiffs were rescinding the contracts and the mortgage with Ole South pursuant to § 5-19-12, Code 1975, and 15 U.S.C. §§ 1631-1693, better known as the Truth-in-Lending Act (TILA), and offered as a tender “the principal balance due on their contract.” On July 23, 1980 plaintiffs filed suit against defendant, alleging violations of 15 U.S.C. §§ 1635 and 1638, and seeking a temporary restraining order to enjoin defendant from foreclosing on the mortgage. The Myricks paid into court $4,500.00 as security for the issuance of the temporary restraining order. The court granted the temporary restraining order, enjoining the foreclosure. A hearing was held December 1, 1980 in which the circuit court entered a judgment cancelling the contracts, permanently enjoining the foreclosure on the mortgage, and awarding $1,500.00 in attorney’s fees and $1,000.00 in damages to plaintiffs from the $4,500.00 previously posted by plaintiffs. The remaining $2,000.00 of this amount was awarded to the defendant to satisfy the mortgage, and plaintiffs were permitted to retain possession of the steel siding.
Plaintiffs appeal from a denial of a motion for new trial, alleging (1) that the circuit court erred in awarding defendant $2,000.00 to satisfy the mortgage, and (2) that it erred in awarding plaintiffs’ statutory penalty and attorney’s fees out of the $4,500.00 which they had deposited with the court as security for the temporary restraining order. We agree and reverse the about questioned portion of the judgment of the circuit court.
Title 15, § 1638 of the United States Code provides that a creditor must disclose to a debtor certain items, including the finance charge and annual percentage rate thereon, in the contract of sale or other evidence of indebtedness in a consumer credit sale before extending credit to the debtor under the contract. See Partida v. Warren Buick, Inc., 454 F.Supp. 1366 (N.D. 111.1978); see generally 12 C.F.R. § 226.8 (1974). Ole South’s failure to disclose the finance charge, the annual percentage rate of such charge, and the period of payment of this charge constituted a violation of the TILA, subjecting defendant, Finance America, as assignee of assignor-creditor Ole South, to liability. See Bustamante v. First Federal Savings & Loan Association, 619 F.2d 360 (5th Cir. 1980).
These TILA violations committed by Ole South gave plaintiffs, under the provisions of 15 U.S.C. § 1635, a right to rescind the transaction, and they properly did so by letter on July 22, 1980. Section 1635 provides that the debtor in a consumer sales transaction involving a security interest in a residence may rescind the contract “until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section.” If the required disclosures are material and are never made, the right to rescind is continuous. Rudisell v. Fifth Third Bank, 622 F.2d 243 (6th Cir. 1980); Bustamante v. First Federal Savings & Loan Association, supra; see generally 12 C.F.R. § 226.9(a) (1974). Failure to disclose information concerning the finance charge is a material nondisclosure. See, eg., Bustamante v. First Federal Savings & Loan Association, supra. Since the required disclosures were never made or delivered to plaintiffs before they elected to rescind the transaction, and since the rescission occurred within three years after the contracts were executed by plaintiffs, 15 U.S.C. § 1635(f), plaintiffs’ rescission was timely. When plaintiffs properly rescinded under § 1635, the mortgage entered into pursuant to the credit sales transaction became void. § 1635(b). The trial court’s award to defendant in satisfaction of a mortgage which was no longer in existence was érroneous.
Upon plaintiffs’ timely rescission, both parties were obligated to perform their respective duties under § 1635(b). Upon receiving notice of the rescission of the contract, defendant had ten days within which to return any money paid by plaintiffs and *704 to terminate the security interest in the debtor’s property. § 1635(b). Plaintiffs were then required to tender the property received under the contract, i.e. the siding, or, if return of the property was impracticable, the reasonable value of such property. § 1635(b). Defendant then had ten days to take possession of the tendered property or the money, or it forfeited its right to possession thereof. § 1635(b).
In the instant case neither defendant nor plaintiffs performed their statutory duties. The record fails to show that defendant responded in any fashion to plaintiffs’ notice of rescission; and plaintiffs, as the record shows, made only a conditional tender. In other words, plaintiffs made a tender which would be effective only after defendant had completed its obligations under § 1635(b). Such a tender is insufficient to start the ten-day forfeiture period running. See Bustamante v. First Federal Savings & Loan Association, supra. Where neither party to a credit sales transaction under the TILA performs the duties imposed upon him by § 1635(b), the ten-day forfeiture provision of the statute is never triggered, and the creditor retains his rights in the property or to payment thereof. See Bustamante v. First Federal Savings & Loan Association, supra; Gerasta v. Hibernia National Bank, 575 F.2d 580 (5th Cir. 1978).
Under these circumstances, defendant would not lose its rights in the property, i.e. the siding, or its reasonable value. Had the defendant loaned plaintiffs money to buy the siding and its installation, the defendant would have been entitled to the net proceeds of that loan. See Gerasta v. Hibernia National Bank, supra. However, defendant did not lend any money to plaintiffs, but instead purchased the contract from Ole South Building Supply Company. Therefore, defendant is entitled in the instant case to the return of the siding or its reasonable value, not the net proceeds of the loan. Moreover, the defendant, in keeping with the intent of § 1635(b), must also refund to the plaintiffs all money paid by them under the contract. In doing so, however, the defendant can offset this amount against the reasonable value of the siding, assuming of course that the trial court finds that it is impracticable to require plaintiffs to turn over the siding to defendant. See Harris v. Tower Loan of Mississippi, Inc., 609 F.2d 120 (5th Cir. 1980).
The trial court erroneously awarded defendant $2,000 as the balance due on the contract. Its judgment in this regard is therefore reversed and the cause remanded for the trial court to award the siding or its reasonable value to the defendant and to require the defendant to pay to the plaintiffs all amounts previously paid on' the contract. Should the value of the siding exceed the amount owed to plaintiffs, defendant should be permitted to offset the amount owed to plaintiffs against the reasonable value of the siding; otherwise defendant would be permitted to pay plaintiffs the difference between the amount owed plaintiffs and the value of the siding.
We now consider plaintiffs’ argument that the circuit court erred in awarding them the statutory penalty for Ole South’s TILA violations and attorney’s fees out of the sum which they had posted as security for the issuance of the temporary restraining order against defendant. Rule 65 of the Alabama Rules of Civil Procedure (ARCP) provides, in part, as follows:
No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorneys fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained .... [Emphasis supplied.]
It is clear from a cursory reading of Rule 65(c), ARCP, that the damages and attorney’s fees which may be awarded from the sum deposited as security for the issuance of a temporary restraining order are limited to those damages and attorney’s fees incurred by the party wrongfully restrained by the order. The deposited sum “is not intended to cover payment of such sum as the court may decree to be paid on the *705 merits of the case.” 7-Pt. 2 Moore’s Federal Practice ¶ 65.09, at 65-94 (2d ed. 1980); See Detroit Trust Co. v. Campbell River Timber Co., 98 F.2d 389 (9th Cir. 1938). Since defendant was not wrongfully restrained by the temporary restraining order, payment of plaintiffs’ attorney’s fees and the $1,000.00 statutory penalty for Ole South’s TILA violations, which sums represented § 1640 damages, should not have been made out of the $4,500.00 which they had deposited with the circuit court as security for the issuance of the order. Such sums should have come from the defendant, not from the plaintiffs. To require otherwise would, in effect, be rewarding defendant for its own wrongdoing. Hence, that portion of the circuit court’s judgment awarding plaintiffs $1,000.00 in damages and $1,500.00 in attorney’s fees out of the $4,500.00 sum which plaintiffs deposited with the court as security for the issuance of the temporary restraining order is reversed. The trial court is directed to require the defendant to pay the amounts in question.
Defendant contends in brief that plaintiffs’ cause of action was barred by laches and estoppel and that the circuit court erred in voiding the contracts and mortgage and in awarding damages and attorney’s fees to plaintiffs. Defendant did not cross-appeal this aspect of the trial court’s judgment, and we are, thus, precluded from considering these issues. Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ.App.1979).
In summary, the trial court’s judgment awarding defendant $2,000.00 as the balance due on the contract is reversed and the trial court is directed to require defendant to pay to plaintiffs all money paid to it on the contract and to require plaintiffs to return the siding or its reasonable value to defendant. The amounts owed to each other may be offset to facilitate the settlement. Moreover, the trial court’s award of damages and attorney’s fees to plaintiffs out of the $4,500.00 deposited by them with the court as security for the issuance of the temporary restraining order is reversed, and the trial court is directed to require the defendant to pay these amounts.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES, J., concurs.
WRIGHT, P. J., concurs specially.