L. CHARLES WRIGHT, Retired Appellate Judge.
William Bell and Cecil Bell are brothers, who live on adjoining, inherited property. On July 1, 1988, Cecil filed an action against William, requesting that the court locate a boundary line, find William guilty of trespass, and issue a temporary restraining order against William, restraining him from removing an alleged boundary fence. Cecil initiated the action because William had cut the boundary fence, allowing Cecil’s cattle to escape onto a public road.
On the day the action was filed, the court issued a temporary restraining order, conditioned upon Cecil’s posting a Rule 65(c), AR.Civ.P., security bond in the amount of $2,500.
A hearing on Cecil’s motion for a temporary injunction was scheduled for January 13.1989. By joint motion, the parties agreed to extend the temporary restraining order until a hearing on the merits.
The court held a hearing on the merits in August 1989. On April 6, 1990, William moved to dissolve the restraining order. On April 12,1990, the court entered an order on the merits, denying all relief sought by Cecil and dissolving the restraining order. The order was filed with the circuit clerk on April 16.1990. The judgment, which was appealed to the Alabama Supreme Court, was affirmed on July 12, 1991. Bell v. Bell, 590 So.2d 148 (Ala.1991).
On August 20, 1992, William filed a motion to recover costs against the security bond posted by Cecil. A hearing was held in March 1993. In November 1993 the trial court granted William’s motion for recovery of costs against the bond in the amount of $100. William appeals.
William contends on appeal that the award was insufficient because the evidence showed that his expenses were in excess of the face amount of the bond.
Rule 65(c), AR.Civ.P., provides, in pertinent part, the following:
“(c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorneys fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained....”
In determining that William was entitled to an award of $100, the court made the following finding:
“The Court finds that the plaintiff, Cecil Bell, in seeking and obtaining a temporary restraining order acted to benefit the public’s safety. Testimony at trial revealed that defendant, WiUiam Bell, obtained a survey which convinced him that this property line was to the East of what had been utilized and understood by the plaintiff, CecU Bell, to be the dividing fence between the brothers. Removal of the existing fences by [WUUam] posed a serious threat to the public, in that the cattle of CecU Bell could then wander onto the ‘state line road’ after moving across the property of WU-liam Bell. Any legal damage or harm suffered by WUUam Bell was de minimis.
“This Court would further note that [WiUiam] had consented to the extension of the temporary restraining order by agreement past the trial date. [WUUam’s] motion to dissolve the restraining order was filed in the Circuit Court on April 6, 1990. The Court’s Judgment which dissolved the restraining order was signed by the Court on April 12, 1990, and was filed with the Cleburne County Circuit Court on April 16, 1990. At most, [WiUiam] was deprived of use of the small area in question for up to ten days.”
Wilham concedes that he suffered no “legal damages” as a result of the continuing temporary restraining order. He insists, however, that the court erred in awarding only $100 because, in his opinion, the evidence was undisputed that he had incurred $2,921 in costs and attorney fees in the “defense of the underlying case.” He presented evidence that he had expended $432 for the *1392 court appearances of two expert witnesses and that he had incurred $2,489 in attorney fees.
In order for a party to be liable on a Rule 65(c), A.R.Civ.P., bond, the court must initially determine whether the party has been wrongfully enjoined. Marshall Durbin & Co. v. Jasper Utilities Bd., 437 So.2d 1014 (Ala.1983). Once such a determination is made, the court proceeds to assess the award of damages. In Luker v. Perry, 351 So.2d 591 (Ala.Civ.App.1977), we reiterated the rule promulgated in McGraw v. Little, 198 Ala. 553, 73 So. 915 (1917), concerning recovery of expenses in claims upon security bonds. We found the rule to be: “If injunc-tive relief is not the sole or principal purpose of the bill, but is only incidental thereto, only fees which are incurred in procuring the dissolution of the injunction itself are recoverable.” Furthermore, the award of damages pursuant to a security bond rests within the sound discretion of the trial court. Marshall Durbin & Co.
Implicit in the trial court’s award of damages was a finding that William had been wrongfully enjoined. Cecil filed no appeal from that order. We, therefore, address only the sufficiency of the damages awarded.
We find the rule of McGraw v. Little to be dispositive of the issue presented. The expenses presented by William were incurred in defending the boundary line dispute. The only evidence of record concerning an expense involved in dissolving the temporary restraining order was a bill from William’s attorney for “Preparation and filing of Motion to Dissolve Restraining Order” in the amount of $56.25.
The trial court did not specify how it arrived at the sum awarded. We find, however, that the amount awarded was within the parameters of the trial court’s discretion. We find no error. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.